IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-697-D

| | |
|---|---|
| TIGRESS SYDNEY ACUTE MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |

On December 5, 2023, Tigress Sydney Acute McDaniel ("McDaniel" or "plaintiff"), proceeding pro se, filed a complaint against the State of North Carolina and others ("North Carolina" or "defendants") [D.E. 1] and a motion to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On January 10, 2024, pursuant to 28 U.S.C. § 636(b)(1), the court referred the case to Robert B. Jones, Jr. for a Memorandum and Recommendation ("M&R") and for a frivolity review [D.E. 3]. On February 16, 2024, Judge Jones granted the motion to proceed in forma pauperis and issued an M&R recommending that the court dismiss the complaint as frivolous [D.E. 6]. Judge Jones established March 1, 2014, as the deadline for submitting written objections to the M&R. See id. at 6. On March 8, 2024, McDaniel filed a motion for an extension of time to file written objections [D.E. 7].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court reviews for clear error. See Diamond, 416 F.3d at 315. The court has reviewed the M&R, the record, and McDaniel's motion to extend time to file written objections. There is no clear error on the face of the record. See id. As for McDaniel's motion to extend time to file written objections, the motion is denied as untimely. Moreover, McDaniel has not established excusable neglect. See, e.g., Smith v. Look Cycle USA, 933 F. Supp. 2d 787, 790 (E.D. Va. 2013) ("Where a party seeks an extension of time after the Rule 6(b) deadline for filing has passed, courts must find excusable neglect before granting the motion."); cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (describing factors to consider concerning excusable neglect).

In sum, the court ADOPTS the conclusions in the M&R [D.E. 6], DENIES as untimely the motion to extend time [D.E. 7], and DISMISSES plaintiff's complaint as frivolous. The clerk shall close the case.

SO ORDERED. This 18 day of March, 2024.

JAMES C. DEVER III
United States District Judge