IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-697-D

| | |
|---|---|
| TIGRESS SYDNEY ACUTE MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |

On December 5, 2023, Tigress Sydney Acute McDaniel ("McDaniel" or "plaintiff"), proceeding pro se, filed a complaint against the State of North Carolina and others ("North Carolina" or "defendants") [D.E. 1] and a motion to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On January 10, 2024, pursuant to 28 U.S.C. § 636(b)(1), the court referred the case to Magistrate Judge Robert B. Jones, Jr. for a Memorandum and Recommendation ("M&R") and for a frivolity review [D.E. 3]. On February 16, 2024, Magistrate Judge Jones granted the motion to proceed in forma pauperis and issued an M&R recommending the court dismiss the complaint as frivolous [D.E. 6]. On March 8, 2024, plaintiff moved to extend the time to file objections to the M&R [D.E. 7]. On March 18, 2024, the court denied the motion to extend time as untimely, adopted the M&R, and dismissed plaintiff's complaint as frivolous [D.E. 8, 9].

On March 18, 2024, plaintiff filed a motion to recuse [D.E. 10], a memorandum in support [D.E. 11], an amended motion for extension of time to file objections to the February 16, 2024 M&R [D.E. 12], and objections to the M&R [D.E. 13]. On March 20, 2024, plaintiff filed a motion to recuse Magistrate Judge Jones [D.E. 14], a memorandum in support [D.E. 15], a motion to stay all court state actions for which plaintiff is subject to "unconstitutional" gatekeeper orders [D.E.

16], a memorandum in support [D.E. 17], and proposed summonses [D.E. 18]. On June 6, 2024, plaintiff filed a memorandum in support of complaint for permanent injunction [D.E. 19]. As explained below, the court denies plaintiff's motions to recuse, amended motion for extension of time, and motion to stay.

McDaniel is a notorious pro se litigant. The United States District Court for the Western District of North Carolina imposed a pre-screening review system for her filings. See, e.g., McDaniel v. Green Dot Corp., No. 3:23-CV-21, 2023 WL 2254581, at *1 & n.1 (W.D.N.C. Feb. 27, 2023) (unpublished), aff'd, Nos. 23-1135, 23-1218, 2023 WL 5625142 (4th Cir. Aug. 21, 2023) (per curiam) (unpublished).

"Judicial recusals are governed by a framework of interlocking statutes." Belue v. Leventhal, 640 F.3d 567, 572 (4th Cir. 2011). Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under 28 U.S.C. § 455(b), a judge must recuse where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

In Liteky v. United States, 510 U.S. 540 (1994), "the Court confronted a situation where defendants moved to disqualify the district judge in their criminal trial based on his comments and actions as the judge in a prior trial involving one of the same defendants." Belue, 640 F.3d at 572. In holding that the judge did not have to recuse, the Court concluded that sections 455(a) and 455(b)(1) carry an "extrajudicial source" limitation, meaning bias or prejudice must generally stem from "a source outside the judicial proceeding at hand" in order to disqualify a judge. Liteky, 510 U.S. at 545. Put differently, the bias or prejudice must "result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case." Id. at

2

545 n.1 (quotation omitted); see Belue, 640 F.3d at 572–73; Bartko v. Wheeler, No. 5:14-CT-3043, 2014 WL 3563359, at *6 (E.D.N.C. July 18, 2014) (unpublished). "[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." Belue, 640 F.3d at 574. "[O]pinions held by judges as a result of what they learned in earlier proceedings" are not ordinarily grounds for recusal. Liteky, 510 U.S. at 551.

McDaniel's motions to recuse arise from this court's orders in this case and in other cases that McDaniel lost. Furthermore, this court's knowledge of McDaniel's litigation history stems from judicial proceedings that McDaniel initiated. Accordingly, the court denies as meritless McDaniel's motions to recuse.

McDaniel's amended motion for an extension of time to file objections to the M&R is untimely and denied.

McDaniel's motion to stay all court state actions for which plaintiff is subject to "unconstitutional" gatekeeper orders is baseless and denied.

In sum, the court DENIES plaintiff's motions to recuse [D.E. 10, 14], DENIES plaintiff's amended motion for an extension of time to file objections to the M&R [D.E. 12], and DENIES plaintiff's motion to stay all court state actions for which plaintiff is subject to "unconstitutional" gatekeeper orders [D.E. 16]. The case remains closed.

SO ORDERED. This 14 day of October, 2024.

JAMES C. DEVER III
United States District Judge